IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY VIGIL and FRANK VIGIL; MARTIN
SANDOVAL; and PATRICK GRIEGO,

      Plaintiffs,

v.                                                                                    No. 1:23-cv-00941-JB-JFR

FEDERAL EMERGENCY MANAGEMENT
AGENCY; DEPARTMENT OF HOMELAND
SECURITY; NATIONAL RESOURCES
CONSERVATION SERVICE; UNITED STATES
DEPARTMENT OF AGRICULTURE; and
ANGELA GLADWELL, in her official capacity,

      Defendants.

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM

      Faced with both obstacles as to jurisdiction and the merits, Plaintiffs focus their Response to the Motion to Dismiss on a contention that they can channel their claims through an action under the Administrative Procedure Act. *See* Pls.' Resp. Defs.' Mot. Dismiss Lack Juris. & Failure State Claim (the "Response") (ECF No. 28) at 2. This effort is unsuccessful. Even reading the Complaint to assert an APA claim despite its absence of an express APA claim, Plaintiffs do not identify any unlawful, final agency action (or inaction) that can form the basis of a claim under 5 U.S.C. § 702 or 5 U.S.C. § 706. In particular, alleged individual conversations or interactions between agency personnel and Plaintiffs are not the sort of conclusive, rights-defining actions challengeable under the APA.

Defendants' Reply in Support of Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)
*Vigil v. FEMA*, No. 1:23-cv-00941-JB-JFR
Page 1 of 13

Furthermore, if Plaintiffs could identify an agency action able to undergird an APA claim, they fail to refute the many, other obstacles that preclude this action and merit dismissal. To begin, Plaintiffs are unable to identify any non-conclusory allegations in the Complaint that Government attorneys are directing communications with represented parties in violation of the APA or ethics rules. Plaintiffs also do not identify violations of particular federal statutes. 5 U.S.C. § 500(f) applies only to notices or written communications required or permitted to be given in an administrative action, not the alleged communications between agency personnel and Plaintiffs here. Plaintiffs do not refute that 28 U.S.C. § 530B does not apply to FEMA or NRCS attorneys, or that Article III does not permit federal courts to enforce state ethics rules against attorneys outside of litigation. As for Plaintiffs' challenge regarding lawyer trust accounts, they do not identify any law that prohibits FEMA's decision to make claim payments directly to claimants.

Lastly, Plaintiffs have not met their burden of establishing standing to bring their claims. Plaintiffs are not injured by having the option to communicate directly with agency personnel when they can opt to communicate through counsel if they wish. Indeed, FEMA guidance provides that claimants must express this desire to communicate directly with the agency in a clear, written confirmation. Nor are Plaintiffs injured by receiving claim payments when they can choose to deposit those funds in their attorneys' trust accounts. For all of these reasons, Plaintiffs' Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Defendants' Reply in Support of Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)
*Vigil v. FEMA*, No. 1:23-cv-00941-JB-JFR
Page 2 of 13

## I. Plaintiffs' Efforts to Articulate an APA Claim Do Not Establish Jurisdiction or State a Viable Cause of Action.

Plaintiffs seek to meet their burden of establishing the Court's jurisdiction, including the United States's waiver of sovereign immunity, by relying on Sections 702 and 706 of the APA. Defs.' Mot. Dismiss for Lack Juris. & Failure State Claim at 9–10 (the "Motion") (ECF No. 25) (Plaintiffs' burden to establish jurisdiction and waiver of sovereign immunity); Response at 11–12. While the APA does waive sovereign immunity and offer a foothold for jurisdiction in some circumstances, Plaintiffs do not articulate a viable APA claim in their Response, let alone identify one present in the Complaint.

First, neither the Complaint (which does not contain an express APA claim) nor the Response to the Motion to Dismiss clearly identifies a challenged agency action or inaction. This is a prerequisite under either 5 U.S.C. § 702 or 5 U.S.C. § 706. "The APA authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.' Where no other statute provides a private right of action, the 'agency action' complained of must be '*final* agency action.'" *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 61–62 (2004) (quoting 5 U.S.C. §§ 702, 704) (brackets and emphasis in original). Likewise, in interpreting Section 706's requirements, the Supreme Court explained that the term "'failure to act'[] is in our view properly understood as a failure to take an *agency action*...." *Id.* at 62 (emphasis in original).

Plaintiffs alternatively assert that they are challenging unlawful agency action under Section 702 and unlawful agency inaction under Section 706 but never pinpoint the

Defendants' Reply in Support of Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)
*Vigil v. FEMA*, No. 1:23-cv-00941-JB-JFR
Page 3 of 13

challenged action under either provision. Instead, "Plaintiffs allege that the [unspecified] 'agency action' unlawfully violates 'prohibitions' and 'rights and immunities' protected under those three statutes [28 U.S.C. § 530B; 5 U.S.C. § 500(f); and 28 U.S.C. § 2731]." Response at 13. Plaintiffs allege that "[t]he 'agency action that violates APA" is an order, license, sanction, or relief, seemingly suggesting an unspecified claim under Section 702. Response at 14. At the same time, however, Plaintiffs allege that "§§ 530(b), 500f, and the Anti-Assignment Act are 'mandatory and nondiscretionary', and are actions under the APA for which this Court has authority to 'compel agency action unlawfully withheld or unreasonably delayed,'" referencing Section 706. Response at 14. Whether under Section 702 or 706, none of these allegations identify a particular, challengeable agency action. *See Norton*, 542 U.S. at 66 ("General deficiencies in compliance … lack the specificity requisite for agency action."); 5 U.S.C. § 551(13) (defining "agency action").[1]

    Not only do Plaintiffs have to base their APA claim on an agency action, that action must be final. *See* Response at 15 (acknowledging that "[u]nder APA § 704, the agency action must be *final*"); 5 U.S.C. § 704; *Citizens for Const. Integrity v. United States*, 70 F. 4th 1289, 1311 (10th Cir. 2023) ("[T]he availability of the APA's cause of action is circumscribed in several ways, including by 5 U.S.C. § 704, which limits § 702's availability to … 'final agency action for which there is no other adequate remedy in a court.'"). This requirement

---

[1] Plaintiffs do assert, in an undeveloped aside, that "[u]nder APA § 551(14), *ex parte* communications that violate § 530(B) and APA § 500f are prohibited agency actions for which sovereign immunity is waived and injunctive relief is appropriate." Response at 14. But Section 551(14) is simply the APA's definition of "ex parte communication." And the APA's prohibitions on ex parte communications relate to *hearings* in administrative proceedings, which are not at issue in this action. *See* 5 U.S.C. § 557(d)(1)(B).

Defendants' Reply in Support of Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)
*Vigil v. FEMA*, No. 1:23-cv-00941-JB-JFR
Page 4 of 13

is not altered by Plaintiffs' reliance on *Navajo Nation v. Department of the Interior*, 876 F.3d 1144 (9th Cir. 2017). *See* Response at 17–19.[2] The case is not controlling law in this Court, has not been cited in this Circuit, and does not change the standards for bringing an APA claim.

To the extent that Plaintiffs rely solely on *Navajo Nation* for the principle, recognized in the Tenth Circuit, that the waiver of sovereign immunity in Section 702 can be broader than an APA claim, this point is immaterial. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir. 2005) (recognizing broader waiver of sovereign immunity in Section 702). While Plaintiffs briefly suggest that they can somehow bring a free-floating action for the enforcement of statutes outside of the APA but through Section 702's waiver of sovereign immunity, they never identify a cause of action other than the APA. *See* Response at 21–22. Instead, Plaintiffs repeatedly assert that they are challenging Defendants' actions under the APA. *See* Response at 11 ("This case arises under federal law … because the APA creates the cause of action."), 13 (alleging challenge of agency action under APA), 14 (arguing that court has authority to compel agency action under APA), 21 (seeking enforcement under APA provisions for "the unlawful violations" of "discrete, mandatory, and non-discretionary" provisions of statutes).

Allowing Plaintiffs to pursue an unspecified cause of action, unbounded by the requirements of the APA, would invite judicial supervision and injunction in agencies' day-to-day operations. The Supreme Court has cautioned against such an outcome, where the

---

[2] The block quotation of *Navajo Nation* on page 18 of the Response seems to include some portions of Plaintiffs' argument that is not part of the quoted case.

Defendants' Reply in Support of Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)
*Vigil v. FEMA*, No. 1:23-cv-00941-JB-JFR
Page 5 of 13

actions of agency personnel outside of final agency action—such as the communications challenged here are subject to judicial review:

> The principal purpose of the APA limitations ... is to protect agencies from undue judicial interference with their lawful discretion, and to avoid judicial entanglement in abstract policy disagreements which courts lack both expertise and information to resolve. If courts were empowered to enter general orders compelling compliance with broad statutory mandates, they would necessarily be empowered, as well, to determine whether compliance was achieved—which would mean that it would ultimately become the task of the supervising court, rather than the agency, to work out compliance with the broad statutory mandate, injecting the judge into day-to-day agency management.

*Norton*, 542 U.S. at 66–67; *see also County Comm'rs of County of Sierra v. U.S. Dep't of the Interior*, 614 F. Supp. 3d 944, 953 (D.N.M. 2022) (final agency action requirement "bars challenges to ... an agency's daily operations and implementation decisions"). Therefore, Plaintiffs' claims are bound by the requirements—including that of a final agency action—under the APA.

The closest Plaintiffs come to identifying an agency action are references to FEMA's Regulations under the Hermits Peak-Calf Canyon Fire Assistance Act and FEMA's Attorney Interaction Guidance and "Intent to Proceed" form. Response at 14 (listing "FEMA Final Rule and regulations" as action deemed unlawful and sought to enjoin), 17 (pointing to "regulations and the two written directives" (presumably the Guidance and form) as challengeable actions). Neither can support a viable APA claim. With respect to the Rule, it is silent as to communications with represented claimants, and so can only offer a basis

Defendants' Reply in Support of Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)
*Vigil v. FEMA*, No. 1:23-cv-00941-JB-JFR
Page 6 of 13

to Plaintiffs' challenge regarding attorney trust accounts.[3] *See generally* 44 C.F.R. § 296 (Aug. 29, 2023). As discussed below, this challenge faces other insurmountable obstacles, including that no authority requires payment to trust accounts and Plaintiffs are not injured by the direct receipt of claims payments.

Nor are the Attorney Interaction Guidance and "Intent to Proceed" form—let alone communications pursuant to such guidance—final agency action. *See* Response at 16–17. As explained in the Motion to Dismiss, communications between agencies and claimants do not meet either element of a final agency action in that they are not (1) the consummation of an agency decision-making process nor are they (2) actions by which rights or obligations are determined or actions from which legal consequences flow. Motion at 14. Internal agency guidance regarding these interactions and a form claimants can submit to continue the interactions likewise do not conclude an agency decision-making process or determine rights, obligations, or legal consequences.

Plaintiffs contend, without explanation, that the Guidance and form "are '… the actions by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'"[4] Response at 17 (quoting *Bennett v. Spear*, 520 U.S. 154, 178 (1997)). To the contrary, neither the Guidance nor form changes what claims Plaintiffs can bring or whom they can bring their claims through. With or without the Guidance and form,

---

[3] Plaintiffs also contend that the Attorney Interaction Guidance and "Intent to Proceed" form contain an "unlawful directive" regarding payments to trust accounts. Response at 16. These documents do not address to whom claims payments shall be made, and Plaintiffs do not cite to any specific pages or sections of the documents for their contention.

[4] Plaintiffs do not explain how the Guidance or form meet the first requirement of a final agency action: that they are the consummation of an agency's decision-making process.

Defendants' Reply in Support of Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)
*Vigil v. FEMA*, No. 1:23-cv-00941-JB-JFR
Page 7 of 13

Plaintiffs can pursue the same claims and elect to communicate through their counsel if desired. Nor do legal consequences flow from the Guidance or form, as neither changes Plaintiffs' rights or obligations. Thus, the Guidance and form do not constitute a final agency action that may be challenged under the APA. *See Sinclair Wyo. Ref. Co., LLC v. U.S. Envt'l Prot. Agency*, 72 F. 4th 1137, 1143 (10th Cir. 2023) ("To be final, an agency action must itself be the source of the parties' obligations, modifying the applicable legal landscape by interpreting the scope of their statutory rights or duties." (internal quotation marks, brackets, and citation omitted)).

Finally, if some component of Plaintiffs' APA challenge could survive dismissal, it would need to proceed under the appellate review provisions set forth in *Olenhouse v. Commodity Credit Corporation*, 42 F.3d 1560 (10th Cir. 1994). *See* Motion at 26–27. Plaintiffs claim that such a procedure is not needed because "there is no assault on[] the agency's decision making within the four corners of the HPCC Act" and "no substantive decision within the HPCC Act regulatory scheme is being challenged." Response at 20. As discussed above, however, to have a viable APA claim Plaintiffs would need to base their claim on a final agency action constituting the consummation of agency decision-making. Such challenges proceed as administrative record reviews under the Rules of Appellate Procedure. *WildEarth Guardians v. U.S. Forest Serv.*, 668 F. Supp. 2d 1314, 1323 (D.N.M. 2009).[5]

---

[5] Plaintiffs' quotation in footnote 7 on page 20 of the Response contains a portion of the Court's opinion in *Jarita Mesa* stating that whether claims arise under the APA or common law is immaterial with respect to sovereign immunity. This quotation is from a description in the procedural history of an earlier opinion that was nullified on reconsideration when

Defendants' Reply in Support of Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)
*Vigil v. FEMA*, No. 1:23-cv-00941-JB-JFR
Page 8 of 13

## II.     Plaintiffs Fail to Refute Critical Merits Arguments That Warrant Dismissal for Failure to State a Claim.

Assuming that Plaintiffs could establish a cause of action for which the Court has jurisdiction, Plaintiffs' failure to rebut critical merits arguments would still warrant dismissal for failure to state a claim. First, Plaintiffs still identify no, non-conclusory allegation in their Complaint that Government attorneys are impermissibly engaging in or directing communications with represented claimants. *See* Motion at 21 (noting that in all three accounts contained in the complaint, there are no allegations that any actions or communications were made at the direction of counsel). Plaintiffs contend that a letter from FEMA's counsel and the Attorney Interaction Guidance and "Intent to Proceed" form referenced therein "encourag[e] claimants to terminate their attorney-client relationships" and "acknowledges unlawful interference with the attorney-client relationship." Response at 4. Yet the Guidance and form are very cautious in only permitting communications between agency personnel and a represented claimant when initiated, clearly requested, and confirmed by the claimant. *See* Motion at 6; ECF No. 19-2 at 4–5; ECF No. 19-3. And even when, following this confirmation, agency personnel communicate with a claimant, such communications are not at the direction of an attorney. Plaintiffs' contentions otherwise in the Response are unsupported by any allegations in the Complaint. *See* Response at 4 (stating that "an attorney <u>may not</u> condone or authorize the presentment of an offer (or partial offer) to settle with a written 'Intent to Proceed' *without* participation

---

the Court required the APA claim to proceed under *Olenhouse*. *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 305 F.R.D. 256, 269 (D.N.M. 2015).

Defendants' Reply in Support of Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)
*Vigil v. FEMA*, No. 1:23-cv-00941-JB-JFR
Page 9 of 13

of counsel," but not identifying any allegations of this occurring), 7 (alleging, without reference to the Complaint, that FEMA's Deputy Chief Counsel is directing FEMA employees, NRCS employees, or both, in concert).

Second, Plaintiffs do not allege a violation of 5 U.S.C. § 500(f). As discussed in the Motion, and not refuted in the Response, Section 500(f) does not govern most communications because it applies once an administrative proceeding has been initiated and then only to formal notices or written communications. It is not a general prohibition on communications with represented claimants. Motion at 22–23. Plaintiffs suggest that NRCS's delivery of Conservation Restoration Plans could still be subject to Section 500(f) because FEMA can use them to calculate settlement offers. Response at 5–7. As discussed in the Motion, however, such Plans are often provided before an administrative proceeding even begins. Motion at 23. And even where not, they are not a "communication required or permitted to be given to the participant in [the] matter" of the FEMA claims process.[6]

Other arguments simply go unrebutted. Plaintiffs do not address that 28 U.S.C. § 530B's application of state ethics rules to government lawyers does not apply to FEMA or NRCS attorneys. Motion at 21–22; Response at 16 (only reiterating requirements of Section

---

[6] Plaintiffs also argue that Defendants' cited authority that 5 U.S.C. § 500(f) does not create a private right of action is unpersuasive because the cited authority is from tax cases. Response at 22–23. Plaintiffs do not explain why a cause of action would be available outside the tax context or seem to pursue a private right of action under Section 500(f). More importantly, the fact that *Neuhoff v. Commissioner of Internal Revenue*, 75 T.C. 36 (1980), is a tax case does not alter its point that a client can waive Section 500(f)'s requirement to communicate through an attorney by reaching out to the agency. Motion at 23–24. *Copeland v. Brennan*, 414 F. Supp. 644 (D.D.C. 1975), cited in the Response at page 22, is not to the contrary, but merely holds that an administrative exhaustion deadline did not run until a notice was sent to an attorney.

Defendants' Reply in Support of Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)
*Vigil v. FEMA*, No. 1:23-cv-00941-JB-JFR
Page 10 of 13

530B). Nor do Plaintiffs respond to Defendants' authority that Article III does not permit a federal court to enforce state ethics rules for attorneys not in a proceeding before the court. *See* Response at 16 (citing to *Matter of Doe*, 801 F. Supp. 478 (D.N.M. 1992), but not addressing its reading as precluding federal court review, and additional authority in the Motion at 14–15). Lastly, Plaintiffs do not identify any federal law (or even state law) requiring claim payments to be made to attorney trust accounts upon request. Motion at 24–25. Plaintiffs do not refute that the Federal Tort Claims Act (including any incorporation in the Hermits Peak-Calf Canyon Fire Assistance Act) does not speak to where payments shall be made. Motion at 25–26. And while Plaintiffs allege the "unlawful violation[] of … the Anti-Assignment Act," Response at 21, they do not offer any explanation of how that law is violated by the direct payment of claims. As argued in the Motion, even if deposits to trust accounts are not *precluded* by the Anti-Assignment Act, there is no right or basis for the requirement that FEMA *must* make deposits to trust accounts, as opposed to Plaintiffs, upon request. Motion at 25. Therefore, Plaintiffs' claims based on violations of 5 U.S.C. § 500(f), 28 U.S.C. § 530(B), and the Anti-Assignment Act all fail to state a claim.

### III.  Plaintiffs Do Not Identify the Needed Injuries to Establish Standing for Any Claim.

In response to Defendants' arguments that Plaintiffs have not demonstrated the required injury in fact necessary to establish standing for any challenges to communications with represented parties or payments to represented claimants, Plaintiffs argue that they are within the zone of interests needed for prudential standing. Motion at 16–17; Response at 23–24. Assuming this is correct, establishing an element of prudential

Defendants' Reply in Support of Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)
*Vigil v. FEMA*, No. 1:23-cv-00941-JB-JFR
Page 11 of 13

standing does not equate to the necessary injury-in-fact for Article III standing. *See Wyoming ex rel. Crank v. United States,* 539 F.3d 1236, 1241 (10th Cir. 2008) ("[W]e must address Article III standing before conducting our prudential standing analysis.").

Although Plaintiffs briefly assert that they have suffered an "injury to [their] attorney-client relationship" as a result of communications by agency personnel, Response at 24, they do not rebut the arguments in the Motion that the alleged communications do not create an injury. This includes that Plaintiffs can still decide whether to communicate through counsel or not, and that the Attorney Interaction Guidance directs agency personnel to ensure that a claimant wishes to communicate directly with the agency before doing so. Motion at 16. Nor do Plaintiffs respond to the arguments that their requested relief is far broader (including in reaching non-parties) than any alleged injury. Motion at 16–17. And perhaps most critically, Plaintiffs leave unrebutted the argument that they are not injured by the direct payment of claims, because they can put such funds in their lawyers' trust accounts if they wish. Motion at 17. In total, Plaintiffs have failed to meet their burden of establishing standing to bring their claims. Motion at 7.

For these reasons, Defendants respectfully request that the Court dismiss Plaintiffs' complaint with prejudice. In the alternative, if the Court concludes that a residual APA challenge to Defendants' agency action remains, Defendants request that such challenge proceed under an administrative record review and appellate briefing.

Defendants' Reply in Support of Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)
*Vigil v. FEMA*, No. 1:23-cv-00941-JB-JFR
Page 12 of 13

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

/s/ Nicholas M. Sydow
Nicholas M. Sydow
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 224-1460; Fax: (505) 346-7205
nicholas.sydow@usdoj.gov

**Counsel for Defendants**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2024, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

/s/ Nicholas M. Sydow
NICHOLAS M. SYDOW
Assistant United States Attorney

Defendants' Reply in Support of Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6)
*Vigil v. FEMA*, No. 1:23-cv-00941-JB-JFR
Page 13 of 13